**Opinion filed March 27, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00291-CV

_____

## IN THE INTEREST OF G.M.E., M.E., AND M.E., CHILDREN

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C44674**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother and father of G.M.E., M.E., and M.E.  The mother timely filed an appeal.[1]  In a single issue on appeal, she challenges the sufficiency of the evidence to support termination.  We affirm.

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013).  To determine if the evidence is legally sufficient in a parental termination case, we

---

[1]The father did not appeal.

review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

In this case, the trial court found that the mother had committed three of the acts listed in Section 161.001(1)—those found in subsections (D), (E), and (O). Specifically, the trial court found that the mother had placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, that she had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, and that she had failed to comply with the provisions of a court order as necessary for her to obtain the return of the children. The trial court also found, pursuant to Section 161.001(2), that termination of the mother's parental rights would be in the best interest of the children. In her brief, the mother does not challenge the sufficiency of the evidence to support the best interest finding.

The record shows that, at the time of removal, the mother was seventeen years old and her children were ages two years, one year, and five months. According to the conservatorship caseworker, the Department of Family and Protective Services removed the children from their parents' care due to the parents exposing the children to "a lot of domestic violence." The children had been living

in a small home with the mother, the father, and the father's parents. Evidence showed that domestic violence occurred between the father's parents; there was also evidence that the father was abusive. There was testimony that the children were present when the domestic violence occurred. According to the mother, the father's father was abusive when "he was coming off of meth." During two different visits by investigators for the Department, drugs were present in the home and in the bedroom that the children shared with the mother and father. Also present in that bedroom was a bottle of vodka on the floor and a knife stuck in the wall. During the second visit, a hemostat with burned residue on it was in the bedroom that the children shared with their mother and father.

The mother chose to live in that home for two years despite the domestic violence and drug use and despite her parents' attempts to get her to move back in with them. The mother testified that she loved the children's father and "didn't want to leave" because she wanted all of them to be together. By choosing to continue to live in that home, the mother exposed the children to drugs and domestic violence. The mother also admitted that she had used drugs in the past. We note that, while this case was pending, all of the mother's drug tests were negative. Also while this case was pending, the mother was arrested while with a friend who was shoplifting at a Wal-Mart; the friend had taken seventy-two items valued at over $600.

We hold that there was clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the mother engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children. FAM. § 161.001(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the children's well-being was the direct result of the parents' conduct, including acts, omissions, or failures to act. *In re D.O.*, 338

S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Domestic violence may constitute evidence of endangerment. *Id.*; *In re C.J.O.*, 325 S.W.3d 261, 265 (Tex. App.—Eastland 2010, pet. denied).

The Department produced clear and convincing evidence that the mother continued to live with the father in his parents' home even though that home was not suitable for the children based upon the drug use and domestic violence that occurred in that home. Based on the record in this case, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(E). Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address the mother's contentions that the evidence is insufficient to support the trial court's findings under subsections (D) and (O). *See* TEX. R. APP. P. 47.1. The mother's sole issue on appeal is overruled.

We affirm the trial court's order of termination.


JIM R. WRIGHT
CHIEF JUSTICE

March 27, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.